1   STEVEN A. ZALESIN (Admitted *Pro Hac Vice*)
    sazalesin@pbwt.com
2   TRAVIS J. TU (Admitted *Pro Hac Vice*)
    tjtu@pbwt.com
3   JAMES L. KERWIN (Admitted *Pro Hac Vice*)
    jkerwin@pbwt.com
4
    PATTERSON BELKNAP WEBB & TYLER LLP
5   1133 Avenue of the Americas
    New York, NY 10036
6   Telephone: (212) 336-2000
    Facsimile:  (212) 336-2222
7
    JOHN W. FOWLER, Bar No. 037463
8   jfowler@be-law.com
    MELINDA M. MORTON, Bar No. 209373
9   mmorton@be-law.com
    GRACE Y. PARK, Bar No. 239928
10  gpark@be-law.com
11  BERGESON, LLP
    303 Almaden Boulevard, Suite 500
12  San Jose, CA 95110-2712
    Telephone:  (408) 291-6200
13  Facsimile:   (408) 297-6000
14
15                      UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                           SAN JOSE DIVISION
18
19  LEON KHASIN, an individual, on his own        Case No. CV12-01862 EJD
    behalf and on behalf of all others similarly
20  situated,                                     **DEFENDANT THE HERSHEY
                                                  COMPANY'S ANSWER TO
21                      Plaintiff,                PLAINTIFF'S AMENDED COMPLAINT**

22          v.

23  THE HERSHEY COMPANY,                          Judge:  Hon. Edward J. Davila
                                                  Action Filed: April 13, 2012
24                      Defendant.
25
26
27
28

1

2      Defendant The Hershey Company ("Hershey"), by and through its counsel of record,

3   hereby answers the Amended Complaint ("FAC") of Plaintiff Leon Khasin ("Plaintiff") as

4   follows:

5                    **RESPONSES TO PLAINTIFF'S ALLEGATIONS**

6      Hershey denies the allegations in the first unnumbered paragraph of the FAC, except to

7   admit that Plaintiff purports to bring this action against Hershey on behalf of a class of California

8   consumers who have purchased Hershey's chocolate, cocoa and sugar free mint products.

9   Hershey denies that it has engaged in any illegal conduct, and that this suit can be maintained as a

10  class action.

11      1.      Hershey admits that millions of Americans purchase and consume packaged foods

12  each day, but denies that it has "flouted" federal or California laws concerning the labeling of its

13  packaged food products.  The remaining allegations in paragraph 1 are legal contentions to which

14  no response is required.  To the extent a response is deemed required, Hershey denies the

15  remaining allegations in paragraph 1.

16      2.      Hershey admits that it is a corporation that operates in multiple countries and that it

17  sells over 70 brands of products worldwide.  Hershey denies that its website contains the specific

18  language quoted in paragraph 2, and further avers that the content of the website speaks for itself.

19  Hershey denies the remaining allegations in paragraph 2.

20      3.      Hershey admits that the website referenced in paragraph 3 contains the quoted

21  language, and further avers that the content of the website speaks for itself.  Hershey denies the

22  remaining allegations in paragraph 3.

23      4.      Hershey admits that the front panel of certain Hershey Special Dark Kisses

24  contains the quoted language, and further avers that the content of its label speaks for itself.

25  Hershey denies the remaining allegations in paragraph 4.

26      5.      Hershey admits that the back panel of certain Hershey Special Dark Kisses

27  contains the quoted language, and further avers that the content of the label speaks for itself.

28  Hershey denies the remaining allegations in paragraph 5.

5865877v.1

6.      Hershey denies the allegations in paragraph 6.

7.      Hershey denies the allegations in paragraph 7.

8.      Hershey admits that it has adopted a Code of Ethical Business Conduct that contains the quoted language, and further avers that its Code of Ethical Business Conduct and the content of the website referenced in paragraph 8 speak for themselves.  Hershey denies the remaining allegations in paragraph 8.

9.      Hershey denies that it has made any false, deceptive or otherwise unlawful claims on its product labels.  The remainder of paragraph 9 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the remaining allegations in paragraph 9.

10.    Hershey denies the allegations in paragraph 10.

11.    Hershey denies the allegations in paragraph 11.

12.    The first sentence of paragraph 12 consists of legal contentions to which no response is required.  Hershey denies the remaining allegations in paragraph 12, and specifically denies that it has made "unlawful nutrient content, antioxidant, or health claims that are prohibited by regulation."

13.    Paragraph 13 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 13.

14.    Paragraph 14 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 14.

15.    Hershey denies the allegations in paragraph 15.

16.    Hershey admits that the quoted language has appeared on the website referenced in paragraph 16, and further avers that the content of the website speaks for itself.  Hershey denies the remaining allegations in paragraph 16.

17.    Hershey admits that the website referenced in paragraph 17 contains the quoted language, and further avers that the content of the website speaks for itself.  Hershey denies the remaining allegations in paragraph 17.

18.    Hershey admits that it has not sought or obtained approval from the United States

2

Food and Drug Administration ("FDA") to market its chocolate and cocoa products as "new drugs," but denies that it has marketed its chocolate or cocoa products as drugs. Hershey denies the remaining allegations in paragraph 18.

19.     Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Hershey admits the allegations in paragraph 20.

21.     Hershey admits that it is a leading producer of chocolate and cocoa food products, and that it markets the products referenced in paragraph 21 in California. Hershey denies the remaining allegations in paragraph 21.

22.     Paragraph 22 consists of legal contentions to which no response is required.

23.     Paragraph 23 consists of legal contentions to which no response is required.

24.     Paragraph 24 consists of legal contentions to which no response is required.

25.     Paragraph 25 consists of legal contentions to which no response is required.

26.     Hershey admits that it is authorized to do business in California, but denies that it has engaged in any wrongdoing in California. The remainder of paragraph 26 consists of legal contentions to which no response is required.

27.     Paragraph 27 consists of legal contentions to which no response is required.

28.     Hershey admits that food manufacturers are required to comply with applicable federal and state laws and regulations that govern the labeling of food products, and avers that its labeling does comply with applicable federal and state laws and regulations. The remaining allegations in Paragraph 28 consist of legal contentions to which no response is required. To the extent a response is deemed required, Hershey denies the allegations in paragraph 28.

29.     Paragraph 29 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey admits that the statute cited therein contains the quoted text, avers that the referenced statute speaks for itself, and otherwise denies the allegations in paragraph 29.

30.     Paragraph 30 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey avers that the referenced statutes and regulations

1    speak for themselves, and otherwise denies the allegations in paragraph 30.

2        31.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

3    of the allegations in paragraph 31 concerning the purported concerns and motivations of FDA.

4    Hershey denies the remaining allegations in paragraph 31.

5        32.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

6    of the allegations in paragraph 32 concerning the purported concerns and motivations of FDA.

7    Hershey avers that the "FOP Guidance" document quoted in paragraph 32 speaks for itself.

8    Hershey denies the remaining allegations in paragraph 32.

9        33.    Hershey avers that the "FOP Guidance" document quoted in paragraph 33 speaks

10   for itself.  Hershey denies the remaining allegations in paragraph 33.

11       34.    Hershey denies that the "FOP Guidance" document referenced in paragraph 34

12   required Hershey to remove any claims from its product labels, and denies the remaining

13   allegations in paragraph 34.

14       35.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

15   of the allegations in paragraph 35 concerning the purported concerns and motivations of FDA.

16   Hershey avers that the "Open Letter" document quoted in paragraph 35 speaks for itself.  Hershey

17   denies the remaining allegations in paragraph 35.

18       36.    Hershey denies that the "Open Letter" document referenced in paragraph 36

19   required Hershey to remove any claims from its product labels, and denies the remaining the

20   allegations in paragraph 36.

21       37.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

22   of the allegations in paragraph 37.

23       38.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

24   of the allegations in paragraph 38.

25       39.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

26   of the allegations in the first sentence of paragraph 39.  Hershey denies the remaining allegations

27   in paragraph 39.

28       40.    Hershey denies the allegations in paragraph 40.

4

41. Hershey denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 concerning what Plaintiff knew or had reason to know. Hershey denies the remaining allegations in paragraph 41.

42. Paragraph 42 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey avers that the referenced statutes speak for themselves, and otherwise denies the allegations in paragraph 42.

43. Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 concerning the factors relied upon by any particular consumers when making purchasing decisions. The remaining allegations in paragraph 43 consist of legal contentions to which no response is required. To the extent a response is deemed required, Hershey denies the allegations in paragraph 43.

44. Paragraph 44 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey avers that the referenced statutes and/or regulations speak for themselves, and otherwise denies the allegations in paragraph 44.

45. Paragraph 45 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey avers that the referenced statutes and/or regulations speak for themselves, and otherwise denies the allegations in paragraph 45.

46. Paragraph 46 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey avers that the referenced regulation speaks for itself, and otherwise denies the allegations in paragraph 46.

47. Paragraph 47 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey avers that the referenced regulation speaks for itself, and otherwise denies the allegations in paragraph 47.

48. Paragraph 48 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey avers that referenced regulations speak for themselves, and otherwise denies the allegations in paragraph 48.

49. Paragraph 49 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey avers that the referenced statutes and regulations

1    speak for themselves, and otherwise denies the allegations in paragraph 49.

2          50.    Hershey denies the allegations in paragraph 50.

3          51.    Hershey denies the allegations in paragraph 51.

4          52.    Hershey denies the allegations in paragraph 52.

5          53.    Hershey admits that certain of its product labels state that the products are a

6    "Natural Source of Flavanol Antioxidants" and/or that "[t]he natural antioxidants found in teas

7    and certain fruits like berries and grapes can also be found in Hershey®'s Kisses® Special

8    Dark®," and avers that such statements are truthful and lawful.  Hershey lacks knowledge or

9    information sufficient to form a belief as to the truth of the allegations in paragraph 53 that

10   Plaintiff purchased particular products.  Hershey denies the remaining allegations in paragraph

11   53.

12         54.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

13   of the allegations in paragraph 54 that FDA sent a letter to Jonathan Sprouts, Inc. that contained

14   the language quoted in paragraph 54.  Hershey denies the remaining allegations in paragraph 54.

15         55.    Hershey denies the allegations in paragraph 55.

16         56.    Hershey denies the allegations in paragraph 56.

17         57.    Hershey admits that there is no established RDI for flavanol antioxidants, but

18   denies that its labeling statements regarding flavanol antioxidants are false or unlawful in any

19   respect.  Hershey denies the remaining allegations in paragraph 57.

20         58.    Hershey denies the allegations in paragraph 58.

21         59.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

22   of the allegations in paragraph 59 concerning FDA's intent in promulgating the referenced

23   regulations.

24         60.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

25   of the allegations in paragraph 60 concerning Plaintiff's purchasing decisions or subjective

26   beliefs.  Hershey denies the remaining allegations in paragraph 60.

27         61.    Hershey denies the allegations in paragraph 61.

28         62.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

6

of the allegations in paragraph 62 concerning Plaintiff's purchasing decisions or subjective beliefs. Hershey denies the remaining allegations in paragraph 62.

63.   Hershey denies the allegations in paragraph 63.

64.   Hershey denies the allegations in paragraph 64.

65.   Paragraph 65 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey avers that the referenced regulations speak for themselves, and otherwise denies the allegations in paragraph 65.

66.   Hershey denies the allegations in paragraph 66.

67.   Hershey admits that the web page and product labels cited in paragraph 67 contain the quoted language, and further avers that the contents of the web page and product labels speak for themselves. Hershey denies the remaining allegations in paragraph 67.

68.   Hershey denies the allegations in paragraph 68.

69.   Hershey denies the allegation that it has made unlawful nutrient content claims. Hershey lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 69.

70.   Hershey admits that a warning letter addressed to Unilever appears on the web page referenced in paragraph 70 and contains the quoted language, and further avers that the document speaks for itself. Hershey lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70.

71.   Hershey admits that the document quoted in paragraph 71 contains the quoted language, and further avers that the document speaks for itself. Hershey denies the remaining allegations in paragraph 71.

72.   Hershey denies the allegations in paragraph 72.

73.   Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 concerning Plaintiff's purchasing decisions and subjective beliefs. Hershey denies the remaining allegations in paragraph 73.

74.   Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 concerning Plaintiff's purchasing decisions and subjective

7

1    beliefs.  Hershey denies the remaining allegations in paragraph 74.

2           75.     Hershey denies the allegations in paragraph 75.

3           76.     Hershey denies the allegations in paragraph 76.

4           77.     The first sentence of paragraph 77 consists of legal contentions to which no

5    response is required.  To the extent a response is deemed required, Hershey avers that the

6    referenced regulations speak for themselves.  Hershey denies the remaining allegations in

7    paragraph 77.

8           78.     Hershey denies the allegations in paragraph 78.

9           79.     Hershey denies the allegations in paragraph 79.

10          80.     Paragraph 80 consists of legal contentions to which no response is required.  To the

11   extent a response is deemed required, Hershey avers that the referenced regulation speaks for

12   itself.

13          81.     Hershey denies the allegations in paragraph 81.

14          82.     Hershey denies the allegations in paragraph 82.

15          83.     Hershey denies the allegations in paragraph 83.

16          84.     Hershey admits that its Special Dark Chocolate Cocoa, Special Dark Kisses and

17   Special Dark Chocolate Bar labels do not include a "warning statement" adjacent to the

18   statements concerning flavanol antioxidants, but denies that any such warning statement is

19   required under California or federal law.  Hershey denies the remaining allegations in paragraph

20   84.

21          85.     Hershey lacks knowledge or information sufficient to form a belief as to the truth

22   of the allegations in paragraph 85 concerning Plaintiff's purchasing decisions and subjective

23   beliefs.  Hershey denies the remaining allegations in paragraph 85.

24          86.     Hershey lacks knowledge or information sufficient to form a belief as to the truth

25   of the allegations in paragraph 86 concerning Plaintiff's purchasing decisions and subjective

26   beliefs.  Hershey denies the remaining allegations in paragraph 86.

27          87.     Hershey denies the allegations in paragraph 87.

28          88.     Hershey denies the allegations in paragraph 88.

89.     Paragraph 89 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced statutes and regulations speak for themselves, and otherwise denies the allegations in paragraph 89.

90.     Paragraph 90 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced statutes and regulations speak for themselves, and otherwise denies the allegations in paragraph 90.

91.     Paragraph 91 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 91.

92.     Paragraph 92 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced statute speaks for themselves, and otherwise denies the allegations in paragraph 92.

93.     Paragraph 93 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced regulations speak for themselves, and otherwise denies the allegations in paragraph 93.

94.     Paragraph 94 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced regulation speaks for itself, and otherwise denies the allegations in paragraph 94.

95.     Hershey denies the allegations in paragraph 95.

96.     Hershey denies the allegations in paragraph 96.

97.     Hershey denies the allegations in paragraph 97.

98.     Hershey denies the allegations in paragraph 98.

99.     Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purchasing decisions and what Plaintiff saw or relied upon.  Hershey denies the remaining allegations in paragraph 99.

100.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiff's purchasing decisions or subjective beliefs, or the purchasing decisions or subjective beliefs of other members of the purported class.   Hershey denies the remaining allegations in paragraph 100.

9

101.    Hershey denies the allegations in paragraph 101.

102.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 concerning Plaintiff's or other purported class members' purchasing decisions or subjective beliefs.  Hershey denies the remaining allegations in paragraph 102.

103.    Hershey denies the allegations in paragraph 103.

104.    Hershey denies the allegations in paragraph 104.

105.    Paragraph 105 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced regulations speak for themselves, and otherwise denies the allegations in paragraph 105.

106.    Paragraph 106 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced regulation speaks for itself, and otherwise denies the allegations in paragraph 106.

107.    Hershey denies the allegations in paragraph 107.

108.    Hershey denies the allegations in paragraph 108.

109.    Hershey admits that labels for Special Dark Chocolate Bars and Special Dark Kisses accurately state the amount of saturated fat per serving, and further avers that the labels speak for themselves.  Hershey denies the remaining allegations in paragraph 109.

110.    Hershey admits that certain of its Special Dark Cocoa products contain 65 mg of sodium per serving, which is clearly disclosed on product labels.  Hershey denies the remaining allegations in paragraph 110.

111.    Hershey denies that it has violated the regulations referenced by paragraph 111. Hershey lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111.

112.    Hershey admits that a warning letter addressed to Masterfoods USA appears on the web page referenced in paragraph 112 and contains the quoted language, and further avers that the document speaks for itself.  Hershey lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112.

113.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.    Hershey admits that a warning letter addressed to TCHO appears on the web page referenced in paragraph 114 and contains the quoted language, and further avers that the document speaks for itself.  Hershey lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114.

115.    Hershey denies the allegations in paragraph 115.

116.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 concerning Plaintiff's purchasing decisions and subjective beliefs.  Hershey denies the remaining allegations in paragraph 116.

117.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 concerning Plaintiff's purchasing decisions and subjective beliefs.  Hershey denies the remaining allegations in paragraph 117.

118.    Hershey denies the allegations in paragraph 118.

119.    Paragraph 119 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced statutes and regulations speak for themselves, and otherwise denies the allegations in paragraph 119.

120.    Paragraph 120 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey admits that the referenced regulation contains the quoted language, and further avers that the regulation speaks for itself.

121.    Paragraph 121 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced regulations speak for themselves, and otherwise denies the allegations in paragraph 121.

122.    Hershey admits that its sugar free mints contain more than 40 calories per 50 grams, but denies that its labeling violates the referenced regulation.  Hershey denies the remaining allegations of paragraph 122.

123.    Hershey admits that certain labels for Ice Breakers and Ice Breakers Duo mints state that the products are "sugar free," and that labels for these products do not include the

1    statements "not a reduced calorie food," "not a low-calorie food," or "not for weight control."

2    Hershey denies that such disclosures are required by California or federal law, and denies the

3    remaining allegations of paragraph 123.

4         124.    Hershey denies the allegations in paragraph 124.

5         125.    Hershey admits that the regulation referenced in paragraph 125 contains the quoted

6    language, and further avers that the regulation speaks for itself.  Hershey denies the remaining

7    allegations in paragraph 125.

8         126.    Hershey denies the allegations in paragraph 126.

9         127.    Hershey admits that labels for certain Ice Breakers mints do not state that the

10   products are sweetened with nutritive and non-nutritive sweeteners, but denies that such

11   disclosures are required under California or federal law.  Hershey denies the remaining

12   allegations in paragraph 127.

13        128.    Hershey denies the allegations in paragraph 128.

14        129.    Hershey denies the allegations in paragraph 129.

15        130.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

16   of the allegations in paragraph 130 regarding the purported intentions of FDA.  Hershey avers

17   that the content of the "Dear Manufacturer" letter referenced in paragraph 130 speaks for itself.

18   Hershey denies the remaining allegations in paragraph 130.

19        131.    Hershey denies the allegations in paragraph 131.

20        132.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

21   of the allegations in paragraph 132.

22        133.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

23   of the allegations in paragraph 133.

24        134.    Hershey denies the allegations in paragraph 134.

25        135.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

26   of the allegations in paragraph 135 concerning what Plaintiff knew or had reason to know.

27   Hershey denies the remaining allegations in paragraph 135.

28        136.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

1  of the allegations in paragraph 136 concerning the conduct and beliefs of Plaintiff and other

2  members of the purported class.  Hershey denies the remaining allegations in paragraph 136.

3       137.    Hershey denies the allegations in paragraph 137.

4       138.    Paragraph 138 consists of legal contentions to which no response is required.  To

5  the extent a response is deemed required, Hershey admits that the labeling of food products is

6  regulated by state and federal law, avers that the statutes and/or regulations cited therein speak for

7  themselves, and otherwise denies the allegations in paragraph 138.

8       139.    Paragraph 139 consists of legal contentions to which no response is required.  To

9  the extent a response is deemed required, Hershey avers that the referenced regulation speaks for

10  itself, and otherwise denies the allegations in paragraph 139.

11      140.    Paragraph 140 consists of legal contentions to which no response is required.  To

12  the extent a response is deemed required, Hershey avers that the referenced statutes and

13  regulations speak for themselves, and otherwise denies the allegations in paragraph 140.

14      141.    Hershey denies the allegations in paragraph 141.

15      142.    Hershey admits that the labels of certain Ice Breakers and Ice Breakers Duo mints

16  specify serving sizes of one mint (i.e., serving sizes of 0.8 grams and 1 gram respectively), but

17  denies that the labeling for these products is unlawful under California or federal law.  Hershey

18  denies the remaining allegations in paragraph 142.

19      143.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

20  of the allegations in paragraph 143 regarding the purported concerns of FDA.  Hershey avers that

21  the content of the "Dear Food Manufacturer" letter referenced in paragraph 143 speaks for itself.

22  Hershey denies the remaining allegations in paragraph 143.

23      144.    Hershey denies the allegations in paragraph 144.

24      145.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

25  of the allegations in paragraph 145.

26      146.    Hershey denies the allegations in paragraph 146.

27      147.    Paragraph 147 consists of legal contentions to which no response is required.  To

28  the extent a response is deemed required, Hershey denies the allegations in paragraph 147.

13

148.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 concerning what Plaintiff knew or had reason to know. Hershey denies the remaining allegations in paragraph 148.

149.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 concerning the purchasing decisions and subjective beliefs of Plaintiff or other members of the purported class.  Hershey denies the remaining allegations in paragraph 149.

150.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 concerning Plaintiff's purchasing decisions and subjective beliefs.  Hershey denies the remaining allegations in paragraph 149.

151.    Hershey denies the allegations in paragraph 151.

152.    Hershey denies the allegations in paragraph 152.

153.    Hershey denies the allegations in paragraph 153.

154.    Paragraph 154 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced statutes and regulations speak for themselves, and otherwise denies the allegations in paragraph 154.

155.    Paragraph 155 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced statutes and regulations speak for themselves, and otherwise denies the allegations in paragraph 155.

156.    Paragraph 156 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the informal agency documents cited therein speak for themselves, and otherwise denies the allegations in paragraph 156.

157.    Paragraph 157 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced regulation speaks for itself, and otherwise denies the allegations in paragraph 157.

158.    Paragraph 158 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey avers that the referenced regulation speaks for itself, and otherwise denies the allegations in paragraph 158.

14

159.    Paragraph 159 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 159.

160.    Hershey denies the allegations in paragraph 160.

161.    Hershey denies the allegations in paragraph 161.

162.    Hershey admits that certain of its chocolate products contain polyglycerol polyricinoleic acid, and that labels for these products properly identify this ingredient as PGPR.  Hershey denies that identifying polyglycerol polyricinoleic acid as PGPR on product labels is unlawful under California or federal law, and denies the remaining allegations of paragraph 162.

163.    Hershey denies the allegations in paragraph 163.

164.    Paragraph 164 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 164.

165.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 concerning what Plaintiff knew or had reason to know.  Hershey denies the remaining allegations in paragraph 165.

166.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 concerning the purchasing decision of Plaintiff or members of the purported class.  Hershey denies the remaining allegations in paragraph 166.

167.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 167 concerning Plaintiff's purchasing decisions and subjective beliefs.  Hershey denies the remaining allegations in paragraph 167.

168.    Hershey denies the allegations in paragraph 168.

169.    Paragraph 169 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 169.

170.    Paragraph 170 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 170.

171.    Hershey admits that certain of its milk chocolate and sweet chocolate products contain vanillin, which is appropriately disclosed on the products' labels.  Hershey denies the remaining allegations in paragraph 171.

172.     Paragraph 172 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey admits that the referenced regulation contains the quoted language, and further avers that the regulation speaks for itself.

173.     Hershey lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 173 that Plaintiff purchased a particular product.  Hershey admits that its Milk Chocolate bars contain vanillin, which is appropriately disclosed on the products' labels.  Hershey denies that the labeling of its Milk Chocolate bars is unlawful under California or federal law, and denies the remaining allegations in paragraph 173.

174.     Paragraph 174 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey admits that the referenced regulation contains the quoted language, and further avers that the regulation speaks for itself.

175.     Hershey lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 175 that Plaintiff purchased a particular product.  Hershey admits that its Dark Chocolate Kisses and Special Dark Chocolate bars contain vanillin and cocoa processed with alkali, which is appropriately disclosed on the products' labels.  Hershey denies that the labeling of its Dark Chocolate Kisses and Special Dark Chocolate bars is unlawful under California or federal law, and denies the remaining allegations in paragraph 175.

176.     Paragraph 176 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey admits that the referenced regulation contains the quoted language, and further avers that the regulation speaks for itself.  Hershey denies the remaining allegations in paragraph 176.

177.     Hershey lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 177 that Plaintiff purchased a particular product.  Hershey admits that Hershey Special Dark Cocoa contains cocoa processed with alkali, which is appropriately disclosed on the product label.  Hershey denies that the labeling of its Special Dark Cocoa is unlawful under California or federal law, and denies the remaining allegations in paragraph 177.

178.     Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 concerning the purchasing decisions and subjective beliefs of

16

1  Plaintiff and members of the purported class. Hershey denies the remaining allegations in
2  paragraph 178.

3          179.    Hershey denies the allegations in paragraph 179.

4          180.    Hershey denies the allegations in paragraph 180.

5          181.    Hershey denies the allegations in paragraph 181.

6          182.    Hershey denies the allegations in paragraph 182.

7          183.    Hershey denies the allegations in paragraph 183.

8          184.    Hershey denies the allegations in paragraph 184.

9          185.    Hershey denies the allegations in paragraph 185.

10         186.    Hershey denies the allegations in paragraph 186.

11         187.    Hershey denies the allegations in paragraph 187.

12         188.    Hershey denies the allegations in paragraph 188.

13         189.    The FAC does not contain a paragraph numbered 189.

14         190.    Hershey denies the allegations in paragraph 190.

15         191.    Hershey denies the allegations in paragraph 191.

16         192.    Hershey denies the allegations in paragraph 192.

17         193.    Hershey denies the allegations in paragraph 193.

18         194.    Hershey lacks knowledge or information sufficient to form a belief as to the truth
19  of the allegations in paragraph 194.

20         195.    Hershey lacks knowledge or information sufficient to form a belief as to the truth
21  of the allegations in paragraph 195.

22         196.    Hershey lacks knowledge or information sufficient to form a belief as to the truth
23  of the allegations in paragraph 196.

24         197.    Hershey denies the allegations in paragraph 197.

25         198.    Hershey lacks knowledge or information sufficient to form a belief as to the truth
26  of the allegations in paragraph 198.

27         199.    Hershey lacks knowledge or information sufficient to form a belief as to the truth
28  of the allegations in paragraph 199.

1    200.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

2    of the allegations in paragraph 200.

3    201.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

4    of the allegations in paragraph 201.

5    202.    Hershey denies the allegations in paragraph 202.

6    203.    Hershey denies the allegations in paragraph 203.

7    204.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

8    of the allegations in paragraph 204 concerning Plaintiff's purchasing decisions and subjective

9    beliefs.  Hershey denies the remaining allegations in paragraph 204.

10    205.    Hershey denies the allegations in paragraph 205.

11    206.    Paragraph 206 consists of legal contentions to which no response is required.  To

12    the extent a response is deemed required, Hershey admits that Plaintiff purports to bring this

13    action as a class action, and otherwise denies the allegations in paragraph 206.  Hershey

14    specifically denies that Plaintiff's action is entitled to class certification under Rules 23(b)(2) and

15    23(b)(3) of the Federal Rules of Civil Procedure.

16    207.    Paragraph 207 consists of legal contentions to which no response is required.  To

17    the extent a response is deemed required, Hershey admits that Plaintiff purports to bring this

18    action as a class action and to exclude identified persons from the proposed class, and otherwise

19    denies the allegations in paragraph 207.

20    208.    Paragraph 208 consists of legal contentions to which no response is required.  To

21    the extent a response is deemed required, Hershey denies the allegations in paragraph 208.

22    209.    Paragraph 209 consists of legal contentions to which no response is required.  To

23    the extent a response is deemed required, Hershey denies the allegations in paragraph 209.

24    210.    Paragraph 210 consists of legal contentions to which no response is required.  To

25    the extent a response is deemed required, Hershey denies the allegations in paragraph 210.

26    211.    Hershey lacks knowledge or information sufficient to form a belief as to the truth

27    of the allegations in Paragraph 211 concerning products purchased by Plaintiff.  Hershey denies

28    that Plaintiff and other member of the purported class have suffered any actionable injury.  The

remainder of paragraph 211 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 211.

212.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 concerning the competence and experience of Plaintiff's attorneys, the financial resources of Plaintiff and his counsel, and the beliefs and intentions of Plaintiff and his counsel.  The remainder of paragraph 212 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 212.

213.    Paragraph 213 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 213.

214.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 concerning the beliefs of Plaintiff and his counsel.  The remainder or paragraph 214 consists of legal contentions to which no response is required.  To the extent a response is deemed required, Hershey denies the allegations in paragraph 214.

215.    Hershey incorporates by reference its responses to paragraphs 1 through 214 as if fully set forth herein.

216.    Hershey denies the allegations in paragraph 216.

217.    Hershey admits that it sold food products in California during the four years preceding the filing of the FAC.  Hershey denies the remaining allegations in paragraph 217.

218.    Hershey admits that it is a corporation.  The remainder of paragraph 218 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Hershey denies the remaining allegations in paragraph 218.

219.    Hershey denies the allegations in paragraph 219.

220.    Hershey denies the allegations in paragraph 220.

221.    Hershey denies the allegations in paragraph 221.

222.    Hershey denies the allegations in paragraph 222.

223.    Hershey denies the allegations in paragraph 223.

224.    Hershey denies the allegations in paragraph 224.

5865877v.1

225. Hershey incorporates by reference its responses to paragraphs 1 through 224 as if fully set forth herein.

226. Hershey denies the allegations in paragraph 226.

227. Hershey admits that it sold food products in California during the four years preceding the filing of the FAC. Hershey denies the remaining allegations in paragraph 227.

228. Hershey denies the allegations in paragraph 228.

229. Hershey denies the allegations in paragraph 229.

230. Hershey denies the allegations in paragraph 230.

231. Hershey denies the allegations in paragraph 231.

232. Hershey denies the allegations in paragraph 232.

233. Hershey denies the allegations in paragraph 233.

234. Hershey incorporates by reference its responses to paragraphs 1 through 233 as if fully set forth herein.

235. Hershey denies the allegations in paragraph 235.

236. Hershey admits that it sold food products in California during the four years preceding the filing of the FAC. Hershey denies the remaining allegations in paragraph 236.

237. Hershey denies the allegations in paragraph 237.

238. Hershey denies the allegations in paragraph 238.

239. Hershey denies the allegations in paragraph 239.

240. Hershey incorporates by reference its responses to paragraphs 1 through 239 as if fully set forth herein.

241. Hershey admits that Plaintiff purports to assert a cause of action for violations of California Business and Professions Code § 17500, *et seq.*, and that Hershey sold food products in California during the four years preceding the filing of the FAC. Hershey denies the remaining allegations in paragraph 241.

242. Hershey denies the allegations in paragraph 242.

243. Hershey denies the allegations in paragraph 243.

244. Hershey denies the allegations in paragraph 244.

245. Hershey denies the allegations in paragraph 245.

246. Hershey denies the allegations in paragraph 246.

247. Hershey incorporates by reference its responses to paragraphs 1 through 246 as if fully set forth herein.

248. Hershey admits that Plaintiff purports to assert a cause of action for violations of California Business and Professions Code § 17500, *et seq*. Hershey denies the remaining allegations in paragraph 248.

249. Hershey admits that it sold food products in California during the four years preceding the filing of the FAC. Hershey denies the remaining allegations in paragraph 249.

250. Hershey denies the allegations in paragraph 250.

251. Hershey denies the allegations in paragraph 251.

252. Hershey denies the allegations in paragraph 252.

253. Hershey denies the allegations in paragraph 253.

254. Hershey denies the allegations in paragraph 254.

255. Hershey incorporates by reference its responses to paragraphs 1 through 254 as if fully set forth herein.

256. Hershey admits that Plaintiff purports to assert a cause of action pursuant to the California Consumer Legal Remedies Act. Hershey denies the remaining allegations in paragraph 256.

257. Hershey denies the allegations in paragraph 257.

258. Hershey denies the allegations in paragraph 258.

259. Hershey admits that it sold food products in California during the four years preceding the filing of the FAC. Hershey denies the remaining allegations in paragraph 259.

260. Paragraph 260 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey denies the allegations in paragraph 260.

261. Paragraph 261 consists of legal contentions to which no response is required. To the extent a response is deemed required, Hershey denies the allegations in paragraph 261.

262. Hershey denies the allegations in paragraph 262.

263.    Hershey denies the allegations in paragraph 263.

264.    Hershey denies the allegations in paragraph 264.

265.    Hershey denies the allegations in paragraph 265.

266.    Hershey denies that Plaintiff is entitled to the relief requested in paragraph 266, and denies the remaining allegations in paragraph 266.

267.    Hershey admits the allegations in paragraph 267.

268.    Hershey denies the allegations in paragraph 268.

269.    Hershey admits the allegations in paragraph 269.

270.    Hershey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270 concerning Plaintiff's intentions.  Hershey denies the remaining allegations in paragraph 270.

271.    Hershey denies the allegations in paragraph 271.

272.    Hershey denies the allegations in paragraph 272.

273.    Hershey incorporates by reference its responses to paragraphs 1 through 272 as if fully set forth herein.

274.    Hershey denies the allegations in paragraph 274.

275.    Hershey denies the allegations in paragraph 275.

276.    Hershey denies the allegations in paragraph 276.

277.    Hershey denies the allegations in paragraph 277.

278 – 288.    Pursuant to the November 9, 2012 Opinion of this Court Granting in Part and Denying in Part Defendant's Motion to Dismiss [Dkt. 45], the purported Eighth Cause of Action for violation of the Beverly-Song Act has been dismissed for failure to state a claim. Accordingly, no response is required to the allegations in paragraphs 278 to 288.  To the extent a response is deemed required, Hershey denies the allegations in paragraphs 278 to 288.

289 – 298.[1]    Pursuant to the November 9, 2012 Opinion of this Court Granting in Part

---

[1] Hershey notes that the final numbered paragraph of the FAC is erroneously labeled out of sequence as ¶ 278.  In order to avoid undue confusion, Hershey will refer to the final numbered paragraph of the FAC as ¶ 298.

and Denying in Part Defendant's Motion to Dismiss [Dkt. 45], the purported Ninth Cause of Action for violation of the Magnuson-Moss Act has been dismissed for failure to state a claim. Accordingly, no response is required to the allegations in paragraphs 289 to 298. To the extent a response is deemed required, Hershey denies the allegations in paragraphs 289 to 298.

### JURY DEMAND

Hershey denies that Plaintiff and/or any of the putative class members are entitled to a trial by jury on the claims asserted in the FAC.

### PRAYER FOR RELIEF

Hershey denies that Plaintiff and/or any of the putative class members are entitled to relief, including, but not limited to the relief sough in sub-parts A-H of the "Prayer for Relief." Hershey specifically denies that any class can or should be certified.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The FAC and each separate cause of action asserted therein fail to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

#### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the safe harbor doctrine.

#### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States and/or by the free speech provisions of the California Constitution.

5865877v.1

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages, including but not limited to punitive damages, is unconstitutional both facially and as applied to Hershey pursuant to the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and applicable analogous provisions of the California Constitution.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**RESERVATION OF RIGHTS**

Hershey reserves the right to assert additional legal defenses as they become known. Hershey further specifically reserves all legal defenses that it may have against the putative class and against each member of the putative class.

WHEREFORE, Hershey respectfully prays that the FAC be dismissed in its entirety, that the Court finds that this suit cannot be maintained as a class action, that Hershey be awarded its costs and attorney's fees, and that the Court order such other and further relief as it deems just and proper.

5865877v.1

1

2   Dated:  January 11, 2013                    PATTERSON BELKNAP WEBB & TYLER,
                                                LLP
3

4                                               By:   /s/ Steven A. Zalesin

5                                               Steven A. Zalesin (Admitted *Pro Hac Vice*)
                                                Travis J. Tu (Admitted *Pro Hac Vice*)
6                                               James L. Kerwin (Admitted *Pro Hac Vice*)

7                                               1133 Avenue of the Americas
                                                New York, NY 10036
8                                               Telephone: (212) 336-2000
                                                Facsimile:  (212) 336-2222
9

10                                              JOHN W. FOWLER, Bar No. 037463
                                                jfowler@be-law.com
11                                              MELINDA M. MORTON, Bar No. 209373
                                                mmorton@be-law.com
12                                              GRACE Y. PARK, Bar No. 239928
                                                gpark@be-law.com
13                                              BERGESON, LLP
                                                303 Almaden Boulevard, Suite 500
14                                              San Jose, CA 95110-2712
                                                Telephone:  (408) 291-6200
15                                              Facsimile:   (408) 297-6000

16                                              Attorneys for Defendant
                                                THE HERSHEY COMPANY
17

18

19

20

21

22

23

24

25

26

27

28

5865877v.1