UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEON KHASIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>    Defendant. | Case No. 5:12-cv-01862-EJD-PSG<br><br>**ORDER ON DISCOVERY MOTIONS**<br><br>**(Re: Docket Nos. 105, 106, and 107)** |

The court has before it two motions filed on the very last day of discovery, and one additional motion filed four days after discovery closed. The Hershey Company characterizes these motions as last ditch efforts to stall for time in a dying case. Leon Khasin, however, sees them as attempts to avoid getting sandbagged by the coercive discovery tactics of a large corporation. The court is less interested in these characterizations of the disputes than in resolving them on their merits. Having considered the papers and the arguments of counsel, the court now DENIES these motions.

1

Case No. 5:12-cv-01862-EJD-PSG
ORDER ON DISCOVERY MOTIONS

# I. BACKGROUND

In August of 2013, the parties entered a stipulation to limit the discovery in this case to information about the statement "natural source of flavanol antioxidants" on Hershey's Special Dark chocolate and cocoa products.[1] After entering into this stipulation, they continued to negotiate the discovery matters that remained, including deposition testimony. Khasin asked to depose eight Hershey employees, but Hershey only agreed to four, given the limited scope of discovery.[2] Rather than objecting to this limitation, Khasin responded, the "first four are who I want, the others were picked prior to the stipulation being entered,"[3] and proceeded to take those four depositions.

At some point after October 8, 2013, in response to Khasin's requests for documents, Hershey produced over half a million pages of documents that contained redactions, but it did not produce a privilege log.[4] On November 13, 2013, Khasin asked about the log, and on December 5, 2013, Hershey produced one.[5] Khasin, however, pointed out many flaws with this log, and raised a series of objections.[6] Hershey responded to these objections with a supplemental privilege log on December 13, 2013, but Khasin still finds the log insufficient.[7]

The present motions seek to compel Hershey to produce a 30(b)(6) witness to testify on a series of topics related to regulatory compliance[8] and numerous documents that Hershey has

---

[1] *See* Docket No. 92.

[2] *See* Docket No. 119-2.

[3] *Id.*

[4] *See* Docket No. 105 at 6, Docket No. 113 at 4.

[5] *See* Docket No. 105 at 7, Docket No. 113 at 9.

[6] *See id.*

[7] *See id.*

[8] *See* Docket No. 107.

2
Case No. 5:12-cv-01862-EJD-PSG
ORDER ON DISCOVERY MOTIONS

withheld as privileged,[9] arguing that Hershey's privilege log is so insufficient as to constitute a waiver of the privilege.

## II. LEGAL STANDARDS

### A. Motion to Compel

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[10] "Relevance for purposes of discovery is defined very broadly."[11] If a party facing a discovery deadline is waiting for documents in response to a document request, the party may immediately move to compel production of the documents.[12] On a motion to compel, the "party seeking to compel discovery has the initial burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)."[13] "In turn, the party opposing discovery has the burden of showing that the discovery should not be allowed, and also has the burden of clarifying, explaining or supporting its objections with competent evidence."[14]

---

[9] *See* Docket No. 105.

[10] Fed. R. Civ. P. 26(b).

[11] *See Garneau* v. *City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998).

[12] *See* Fed. R. Civ. P. 37(a)(3)(B)(iv) (A motion to compel a discovery response may be made if "a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.").

[13] *Louisiana Pac. Corp.* v. *Money Mkt. 1 Institutional Inv. Dealer*, Case No. 3:09-cv-03529-JSW-LB, 2012 WL 5519199, at *3 (N.D. Cal. Nov. 14, 2012) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (noting that "in general the party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26").): *see also* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence").

[14] *Louisiana Pac.*, 2012 WL 5519199, at *3 (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

3
Case No. 5:12-cv-01862-EJD-PSG
ORDER ON DISCOVERY MOTIONS

### B. Waiver of Privilege

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain" legal advice,[15] as well as an attorney's advice in response to such disclosures.[16] To prevent abuse and assure the availability of relevant evidence to the party seeking discovery, the privilege is limited to "only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."[17] The party asserting the attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communication.[18]

When a party withholds information otherwise discoverable by claiming that the information is privileged, the party must describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.[19] The Ninth Circuit has held that a party meets its burden of demonstrating the applicability of the attorney-client privilege by submitting a log that identifies (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated.[20] The privilege log goes beyond these standards if it also provides information on the subject matter of

---

[15] *In re Grand Jury Subpoenas (Hirsch)*, 803 F.2d 493, 496 (9th Cir. 1986) (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976) ("Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged.")).

[16] *See In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977).

[17] *Fisher*, 425 U.S. 391, 403.

[18] *See In re Grand Jury Subpoenas (Hirsch)*, 803 F.2d at 496 ("The burden is on the party asserting the attorney-client privilege to demonstrate how the information sought fits within it.").

[19] *See* Fed. R. Civ. P. 26(b)(5).

[20] *See In re Grand Jury Investigation,* 974 F.2d 1068, 1071 (9th Cir. 1992) (listing requirements) (citing *Dole v. Milonas*, 889 F.2d 885, (9th Cir. 1989).

each document.[21] Such a log should generally be submitted within thirty days of the production request being served.[22]

A "loss of the attorney-client privilege" in adversarial litigation is a "severe" sanction.[23] Before concluding that the privilege has been waived, the court is to engage in a holistic, case-by-case analysis of the following four factors: 1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery to evaluate whether each of the withheld documents is privileged; 2) the timeliness of the objection and accompanying information about the withheld documents; 3) the magnitude of the document production; and 4) other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard.[24]

## III. DISCUSSION

### A.   In Failing to Object to Hershey's Proposed Deposition Limit, Khasin Agreed to It

Neither party contests the facts underlying the alleged agreement to limit the number of depositions taken at this phase of the litigation. On August 22, 2013, Khasin emailed Hershey to schedule the depositions of eight individuals.[25] That same day, Hershey responded, "8 depositions is totally unwarranted given that there is only one live issue in the case. We are prepared to make a

---

[21] *See id.* (noting the corporation's "privilege log went beyond the *Dole* standards to provide information on the subject matter" of each document).

[22] *See* Fed. R. Civ. P. 34.

[23] *Infor Global Solutions (Michigan), Inc. v. St. Paul Fire & Marine Ins. Co.*, Case No. 5:08-cv-02621-JW-PVT, 2009 WL 2390174, at *2 (N.D. Cal. Aug. 3, 2009) (*quoting Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*, 254 F.R.D. 216, 227 (E.D. Pa. 2008)).

[24] *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format. Finally, the application of these factors shall be subject to any applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders.").

[25] *See* Docket No. 119-2 at 2.

5
Case No. 5:12-cv-01862-EJD-PSG
ORDER ON DISCOVERY MOTIONS

total of 4 persons available for deposition at this time, which we believe is fair and more than sufficient to establish whatever facts are necessary. Please let us know which 4 persons in your email you would like to depose, and we will inquire about their availability."[26] Just ten minutes later, Khasin informed Hershey that "The first four are who I want, the others were picked prior to the stipulation [to limit discovery] being entered."[27]

Although Khasin now attempts to characterize this exchange as a "self-imposed limit by Hershey against Plaintiff" given that "Hershey can produce no statement by Plaintiff agreeing to limit himself,"[28] the fact remains that Khasin never objected to the limit as proposed by Hershey. Khasin has made no representation to the court that such an objection was raised, and the emails produced certainly do not contain one. Here, beyond Khasin's failure to object, there is affirmative evidence that Khasin complied with the proposed discovery limit and in fact offered an alternative explanation for his initial overreach.[29] It was therefore reasonable for Hershey to rely on Khasin's compliance to conclude that he agreed to the proposal, and having agreed by conduct, Khasin cannot rescind that agreement at the eleventh hour.

**B.   Hershey Properly Asserted Attorney-Client Privilege**

Khasin argues that Herhsey's assertions of privilege to protect certain documents are inappropriate for several reasons. First, he argues that Hershey failed to timely assert the privilege, resulting in a wholesale waiver.[30] Second, he argues that even if the privilege was asserted in a timely manner, the log produced to substantiate these assertions was so woefully inadequate that

---

[26] *Id.* at 1-2.

[27] *Id.* at 1.

[28] Docket No. 119 at 3.

[29] *Cf.* Docket No. 119-2 at 1-2.

[30] *See* Docket No. 105 at 11.

the privilege has been waived.[31] Finally, if the court finds that these errors are not so grave as to merit a finding of complete waiver at this time, Khasin urges the court to order the production of a more detailed log in order to facilitate his assessment of Hershey's privilege claims.[32]

The court notes at the outset that it would be inappropriate to find a total waiver has occurred based on either Khasin's timeliness objection or his sufficiency objection standing alone. As described above, the Ninth Circuit has directed courts to conduct a holistic, four factor analysis before finding that the privilege has been waived, and that analysis takes into consideration both the timeliness of the assertion and the sufficiency of the information provided in the log. Although each of these factors will weigh on the court's analysis, neither standing alone is sufficient to justify finding a full waiver of privilege.

### 1. Overall, Hershey's Log Provides the Reader With Sufficient Information to Determine Whether or Not the Privilege Would Apply

Turning to the first *Burlington* factor, the court must consider "the degree to which the objection or assertion of privilege enables the litigant seeking discovery to evaluate whether each of the withheld documents is privileged."[33] Khasin argues that this factor should weigh in favor of a finding of waiver because the log: 1) failed to provide the organizational positions of senders and recipients; 2) failed to correlate the identified documents with the specific discovery requests; 3) failed to identify which labels are the subject of the communications; and 4) failed to provide any detail regarding why the communications between lawyers and non-lawyers is subject to the attorney-client privilege.[34] These arguments, however, are based on an incorrect recitation of the requirements for a privilege log. Khasin cites an out of district case, which applied a paraphrased

---

[31] *See id.*

[32] *See* Docket No. 105 at 14.

[33] *See Burlington*, 408 F.3d at 1149 (9th Cir. 2005).

[34] *See* Docket No. 105 at 11-14.

Case No. 5:12-cv-01862-EJD-PSG
ORDER ON DISCOVERY MOTIONS

7

version of the Second Circuit's test for a sufficient privilege log.[35] That test requires a greater degree of specificity than the one required by the Ninth Circuit.[36]

Taking up each of Khasin's objections in turn, the Ninth Circuit's test does not require a privilege log to provide the organizational positions of senders and recipients; it merely requires the log to identify the attorney and the client on each document.[37] That said, Hershey's log fails to meet even that basic requirement. No attorneys are identified on the log, and the log provides no means of determining which individuals could properly be categorized as "clients" on each entry. Thus, Hershey's log fails to meet the Ninth Circuit's first requirement for sufficiency.

Khasin next argues that the log is insufficient because it does not correlate each entry with the document request to which it would be responsive,[38] but again, such correlations are not required by the Ninth Circuit. Although the Ninth Circuit noted in *Burlington* that the lack of correlation was one of several factors identified by the lower court in support of its conclusion that the privilege log in that case was insufficient, it did not adopt specific correlation as an actual requirement.[39] Moreover, Khasin has failed to identify any ways in which requiring such a

---

[35] *See* Docket No. 105 at 12.

[36] *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (requiring a log to disclose "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated."); *cf. Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650-51 (E.D. Cal. 2010) ("The requisite detail for inclusion in a privilege log consists of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and grounds thereof.") (*quoting United States v. Union Pac. R.R. Co.*, Case No. 06-cv-1740-FCD-KJM, 2007 WL 1500551 at *3 (E.D. Cal. May 23, 2007)) (citation omitted).

[37] *See Burlington*, 408 F.3d at 1149.

[38] *See* Docket No. 105 at 12.

[39] *See Burlington*, 408 F.3d at 1147 (9th Cir. 2005) ("Thus Rule 26 clarifies that a proper assertion of privilege must be more specific than a generalized, boilerplate objection. However, it does not specifically correlate this requirement with Rule 34's bright-line rule for timeliness, nor does it explicitly articulate a waiver rule."); *see also Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 641

8
Case No. 5:12-cv-01862-EJD-PSG
ORDER ON DISCOVERY MOTIONS

correlation would make it easier for the receiving party to determine whether or not the privilege applies, which is, after all, the primary purpose of the log. The lack of correlation between the log and the document requests will therefore not weigh significantly in favor of a finding of waiver; it is largely irrelevant.

Khasin's third objection similarly seeks information not required by the Ninth Circuit. Although the Circuit does require the log to indicate the nature of the document, it has never required a privilege log to specifically note the titular subject of each document, and the court will not now create such a requirement. Like the lack of correlation, this argument tries to create an issue where none exists.

Finally, Khasin argues that Hershey's privilege log is insufficient because it does not "provide any detail regarding why the communications between lawyers and non-lawyers is subject to the attorney-client privilege."[40] A fair interpretation of this objection is that the log fails to provide any detail indicating why communications between lawyers and *multiple* non-lawyers, some of whom may not be clients, are subject to the attorney-client privilege. Under this interpretation, Khasin raises a valid point; the attorney-client privilege may be waived by voluntary disclosure to a third party, and if any of the individuals who received the documents on the privilege log were not clients, the privilege has been waived as to those documents. This problem relates back to Hershey's failure to identify the attorneys and clients on the log, indicating that Khasin's fourth argument for insufficiency is really just a different facet of his first. As noted above, the court will consider the failure to identify the attorneys and the clients on the log as weighing in favor of waiver.

---

(D. Nev. 2013) ("*Burlington* did not make a finding that privilege logs must correlate specific documents to specific discovery requests.").

[40] Docket No. 105 at 12.

9

Case No. 5:12-cv-01862-EJD-PSG
ORDER ON DISCOVERY MOTIONS

Khasin does not argue that Hershey's privilege log fails to meet any of the Ninth Circuit's requirements other than the first one (identifying the attorney and the client). The log indicates what type of document each entry is, and it has a detailed list of individuals who received copies of the documents. The log provides the date of each document, and it even goes so far as to provide information about the subject matter of each document. Thus, except for failing to identify the attorneys and clients, Hershey's privilege log meets the Ninth Circuit's sufficiency requirements.

### 2. Hershey's Delay in Producing a Log Was Not Unreasonable

In addition to his sufficiency arguments, Khasin takes issue with the timeliness with which Hershey's privilege log was produced.[41] The parties agree that Hershey registered its basic objections based on privilege starting when it first produced responsive discovery on May 28, 2013, although it did not produce a privilege log until seven months later.[42] They agree that the initial assertions of privilege were fairly standard.[43] They agree that Hershey continued to produce documents totaling almost half a million pages until well into October, 2013.[44] They do not contest that Khasin did not ask about a privilege log until November 13, 2013,[45] and they agree that an initial log was produced on December 5, 2013, which was less than five weeks after document production as completed.[46] They agree that Khasin immediately identified several concerns with the initial log, and they agree that on December 13, 2013, Hershey produced a supplemental log.[47]

---

[41] *See* Docket No. 105 at 11.

[42] *See* Docket No. 118 at 9.

[43] *See id.*

[44] *See* Docket No. 107 at 5, Docket No. 113 at 4.

[45] *See* Docket No. 113 at 8, Docket No. 118 at 9.

[46] *See* Docket No. 118 at 9.

[47] *See* Docket No. 113 at 9, Docket No. 118 at 9.

10
Case No. 5:12-cv-01862-EJD-PSG
ORDER ON DISCOVERY MOTIONS

Finally, they agree that Khasin registered yet more objections to this log, and that Hershey refused to provide additional supplementation.[48]

The parties disagree, however, as to the impact of two interrelated factors: the seven-month gap between Hershey's assertion of the privilege and its production of a privilege log, and Khasin's failure to inquire about the privilege log during that time. Khasin points out that the Ninth Circuit held that the existence of a five-month delay in filing a privilege log can independently justify a district court's finding that the privilege had been waived.[49] However, he fails to consider the first clause of that holding, which clarified that a five-month gap could only justify such a finding "[i]n the absence of mitigating considerations."[50]

Here, Hershey points to numerous circumstances which may be found to mitigate their delay. First, the scope of discovery was in flux during the seven-month gap, such that it was unclear which documents would actually end up being relevant.[51] Relatedly, Hershey's document production was ongoing, and the log was produced within five weeks of its final production. Finally, although the burden of producing a timely and sufficient log is on the party asserting privilege, the fact that six months elapsed before Khasin inquired about the status of the privilege log is a salient one in this case because discovery was ongoing; Hershey had no reason to believe that Khasin would not be satisfied with a single log produced at the end of its production. Hershey's diligence and responsiveness when Khasin did ask about their log, as well as their willingness to respond to the objections raised, speaks to its good faith efforts to comply with its discovery obligations. In previous cases where privilege has been waived due to untimeliness, the

---

[48] *See id.*

[49] *See* Docket No. 105 at 11 (citing *Burlington*, 408 F.3d at 1149 (9th Cir. 2005)).

[50] *See Burlington*, 408 F.3d at 1149.

[51] *See* Docket No. 113 at 2.

11
Case No. 5:12-cv-01862-EJD-PSG
ORDER ON DISCOVERY MOTIONS

receiving party had generally asked for a log and been ignored or suffered delays after that request.[52]

In light of the totality of these circumstances, the court finds that the delay in producing a privilege log was not unreasonable, and will not weigh the timeliness factor in favor of finding waiver.

### 3. Other Circumstances Weigh Against a Finding of Waiver

Under the Ninth Circuit's test, the court must consider the magnitude of the discovery in the case and any other circumstances that would complicate discovery in deciding whether privilege has been waived.[53] Here, the parties agree that the scope of discovery was in flux until August 16, 2013, and that Hershey produced over half a million pages of documents. Each of these factors weighs against a finding of waiver.

Given these circumstances, the court finds that Hershey has not waived privilege with respect to all documents on its log. Wholesale waiver is a severe outcome, and given the relatively minor nature of Hershey's errors, weighed against the complications of ongoing and evolving discovery obligations, such a remedy is not warranted here.

## IV. CONCLUSION

Khasin's motion to compel the production of a 30(b)(6) witness is DENIED, as is his motion to compel the production of previously withheld documents. However, in order to remedy the deficiencies in its current privilege log, Hershey shall produce a final, updated log within

---

[52] *See, e.g.*, *Vieste, LLC v. Hill Redwood Dev.*, Case No. 3:09-cv-04024-JSW-DMR, 2010 WL 4807058, at *9 (N.D. Cal. Nov. 18, 2010) ("Notwithstanding the evidence that Plaintiffs had been meeting and conferring with Defendants regarding what Plaintiffs viewed as deficiencies in Defendants' privilege log since at least July 2010, Defendants took four or more months to disclose the documents they are withholding from Plaintiffs. Regarding the magnitude of the document production, there are only 62 new entries on the log, which is not a particularly unwieldy amount. Moreover, Defendants have presented no evidence of mitigating circumstances."); *Burch v. Regents of Univ. of Cal.*, Case No. 04-cv-0038-WBS-GGH, 2005 WL 6377313, at *2 (E.D. Cal. Aug. 30, 2005) ("Under *Burlington*, defendants' delay in adequately responding to plaintiff's first request for document production is thus presumptively untimely absent mitigating considerations.").

[53] *See Burlington*, 408 F.3d at 1150.

12

Case No. 5:12-cv-01862-EJD-PSG
ORDER ON DISCOVERY MOTIONS

fourteen days which clearly identifies which parties are the attorneys and clients on each entry. In light of the resolution of these lingering discovery disputes, the court sees no reason to disrupt the existing case schedule by extending the discovery period, and Khasin's motion to do so is DENIED.

**IT IS SO ORDERED.**

Dated: February 21, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge