UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEON KHASIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>Defendant. | Case No. 5:12-CV-01862-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[Re: Docket Item No. 68]** |

Presently before the Court is the Hershey Company's ("Hershey" or "Defendant") Motion for Partial Summary Judgment. Dkt. No. 68. Plaintiff Leon Khasin ("Plaintiff") filed this putative class action against Defendant alleging that several of Defendant's products have been improperly labeled so as to amount to misbranding and deception in violation of several California and federal laws.

Per Civ. L.R. 7-1(b), the motion was taken under submission without oral argument. Having fully reviewed the parties' papers, the Court grants Defendant's motion.

**I. BACKGROUND**

Plaintiff filed his original Complaint in this case on April 13, 2012. Dkt. No. 1. Plaintiff's Amended Complaint ("AC") was filed on July 23, 2012. Dkt. No. 27. This Court granted Defendant's Motion to Dismiss the AC in part on November 9, 2012. Dkt. No. 45. The Court

1
Case No. 5:12-CV-01862-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

dismissed Plaintiff's claims predicated on the Magnuson-Moss Warranty Act and the Song-Beverly Act. The Court found that Plaintiff satisfied the UCL's injury-in-fact requirement because he alleged that he relied on Defendant's allegedly misleading conduct in purchasing certain products. After the Court's order, the following causes of action remained: violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., (counts 1-3); violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq., (counts 4-5); violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq., (count 6); and unjust enrichment / quasi-contract (count 7). Defendant filed the present Motion for Partial Summary Judgment on June 14, 2013. Dkt. No. 68.

Plaintiff is a California consumer who, since 2008, purchased more than $25.00 of Defendant's products, including Special Dark Chocolate, Milk Chocolate, Special Dark Kisses, Special Dark Cocoa, Natural Unsweetened Cocoa, and Sugar Free Coolmint IceBreaker Mints. Dkt. No. 27 ¶ 19, 196. Plaintiff argues that the following representations on the packaging of these and other of Defendant's food products were unlawful and/or misleading: (1) antioxidant nutrient content claims, (2) nutrient content claims without required disclosures, (3) healthy diet claims, (4) sugar free claims, (5) unlawful serving sizes, (6) listing polyglycerol polyricinoleic acid as "PGPR", and (7) failing to disclose vanillin. Plaintiff's AC alleges that he read the labels on Defendant's products, relied on these claims when making purchasing decisions, and was misled by these claims. Dkt. No. 27 ¶ 60, 197-99.

**II. LEGAL STANDARD**

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a

2
Case No. 5:12-CV-01862-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**III. DISCUSSION**

Defendant argues that summary judgment should be granted as to Plaintiff's claims against Defendant's website, advertising, and labeling statements on which he did not actually rely. Plaintiff counters that a dispositive motion cannot be decided prior to a ruling on class certification and that Plaintiff need not prove reliance under the UCL.

**A.  Federal Rule of Civil Procedure 23(c)(1)**

Plaintiff asserts that a court cannot rule on a dispositive motion until a class is certified and notice is given to the putative class. Defendant claims that a court is free to rule on a motion for summary judgment before class certification occurs.

According to Federal Rule of Civil Procedure 23(c)(1), a district court must rule on class certification as soon as practicable. Fed. R. Civ. P. 23(c)(1). However, this does not mean that a district court cannot grant dismissal or affirm summary judgment before a ruling has been made as to class certification. Wright v. Schock, 742 F.2d 541, 543 (9th Cir. 1984); see also Saeger v.

1   Pacific Life Ins. Co., 305 Fed. App'x 492 (9th Cir. 2008). When early resolution of a motion for
2   summary judgment is likely to protect both the parties and the court from needless and costly
3   litigation, it is reasonable to consider such a motion before class certification. Wright, 742 F.2d at
4   544. This is especially true if the judgment will not be res judicata as to other individual plaintiffs
5   or other members of any class that may be certified. Id. "Where the defendant assumes the risk
6   that summary judgment in his favor will have only stare decisis effect on the members of the
7   putative class, it is within the discretion of the district court to rule on the summary judgment
8   motion first." Id.
9       Plaintiff raises the "one-way intervention" rule, which limits the timing of a motion for
10  summary judgment so that an absent class member does not intervene in a class action suit after an
11  adjudication favoring the class has taken place. Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir.
12  1995). The doctrine is "one-way" because a plaintiff would not be bound by a decision that favors
13  defendant, but could decide to benefit from a decision favoring the class. However, when a
14  defendant moves for summary judgment before the class is certified or notice is sent, the defendant
15  waives the right to have notice circulated to the class and the court's decision binds only the named
16  plaintiffs. Id. at 297.
17      Here, it is Defendant who seeks summary judgment prior to a ruling on class certification.
18  Defendant is choosing to waive the potential protection afforded by an early ruling on class
19  certification. Id. The Court does not find any prejudice to class members or Plaintiff as a result of
20  such a procedure. Putative class members remain entirely free to file suit against Defendant.
21  Therefore, the Court will rule on Defendant's motion.

22  **B. Website and Advertising Claims**

23      Contrary to the allegations made in the AC, Plaintiff testified in his deposition that he did
24  not view Defendant's website and off-label advertising. Dkt. No. 69-1 at 148:22-149:7, 216:4-7,
25  16-20, 217:3-6, 218:3-6. Plaintiff filed a statement of non-opposition to dismissal of claims based
26  on Defendant's website and off-label advertising claims. Dkt. No. 84. As such, the motion for
27  summary judgment is granted in favor of Defendant as to all claims relating to Defendant's website
28  and off-label advertising.

**C. FAL, CLRA, and Unjust Enrichment Claims**

Furthermore, in Plaintiff's opposition, Plaintiff did not argue that the FAL, CLRA, or unjust enrichment claims should survive the motion for summary judgment. Failure to oppose a dispositive motion is equivalent to abandoning the claims. See Jenkins v. County of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("[plaintiff] abandoned her other two claims by not raising them in opposition to [defendant]'s motion for summary judgment"). Therefore, the motion for summary judgment is granted in favor of Defendant as to Plaintiff's FAL, CLRA, and unjust enrichment claims.

**D. UCL Claims**

On the remaining UCL claims, Defendant argues that these claims cannot survive summary judgment because Plaintiff testified in his deposition that he did not rely on any of Defendant's labels mentioned in the AC, other than the antioxidant label. In opposition, Plaintiff argues that he need not have relied on any of Defendant's labels to bring a UCL claim.

The UCL incorporates the Article III standing requirements, but additionally requires that a plaintiff plead an economic injury. Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322-23 (2011); see also TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 825 n.1 (9th Cir. 2011) ("Plaintiffs filing an unfair competition suit must prove a pecuniary injury . . . and 'immediate' causation. . . . Neither is required for Article III standing." (citations omitted)). Proposition 64 was enacted in 2004 as a means of "confin[ing] [UCL] standing to those actually injured by a defendant's business practices and [ ] curtail[ing] the prior practice of filing suits on behalf of clients who have not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant." Kwikset, 51 Cal. 4th at 321 (citations omitted).

To satisfy the injury-in-fact requirement for unfair competition claims, "courts in California require that plaintiffs demonstrate the purchase of products as a result of deceptive advertising." Id. To plead actual reliance, the "plaintiff must allege that the defendant's misrepresentations were an immediate cause of the injury-causing conduct." In re Tobacco II Cases, 46 Cal. 4th 298, 328 (2009). However, "the plaintiff is not required to allege that those misrepresentations were the sole

5

or even the decisive cause of the injury-producing conduct." Id.  A plaintiff can satisfy the UCL's standing requirement by alleging that he or she would not have bought the product but for the alleged misrepresentation. Kwikset, 51 Cal. 4th at 330.

The California Supreme Court has held that the phrase "as a result of" in UCL section 17204 "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." Tobacco II, 46 Cal. 4th at 326.  This also applies under the UCL's "unlawful" and "unfair" prong, where the predicate unlawfulness is misrepresentation and deception. Hale v. Sharp Healthcare, 183 Cal. App. 4th 1373, 1385 (2010); see also Kwikset, 51 Cal. 4th 310; In re Actimmune Mkt. Litig., No. C-08-2376-MHP, 2010 WL 3463491, at *8 (N.D. Cal. Sept. 1, 2010), aff'd, 464 F. App'x 651 (9th Cir. 2011); Brazil v. Dole Food Co., 935 F. Supp. 2d 947 (N.D. Cal. 2013); Kane v. Chobani, No. 12-CV-02425-LHK, 2014 WL 657300, at *5 (N.D. Cal. Feb. 20, 2014).  The federal and state statutes relied on by Plaintiff prohibit a particular type of consumer deception and misrepresentation, the mislabeling of food products.  As such, the actual reliance requirement applies to Plaintiff's claims under all prongs of the UCL.  See Figy v. Amy's Kitchen, No. 13-CV-03816-SI, 2013 WL 6169503 (N.D. Cal. Nov. 25, 2013); Kwikset, 51 Cal. 4th 310; Wilson v. Frito-Lay N. Am., 961 F. Supp. 2d 1134 (N.D. Cal. 2013).

Contrary to the allegations made in the AC, Plaintiff's testimony reveals that he did not, in fact, rely on most of Defendant's representations outlined in the pleadings.  Because Plaintiff testified during deposition that he did not purchase any of Defendant's products as a result of, or in reliance on, misrepresentations or deceptive advertising (except for claims regarding antioxidant labels), those claims cannot go forward.  Plaintiff testified that he could not recall looking at Hersey's labels, he had no concerns about the use of vanillin, the use of the term PGPR on labels did not make a difference to him at the time he purchased products, he had no concerns about mint serving size, and he had no concerns about the use of alkalized cocoa powder.  With regards to any claims based on alleged misrepresentations or omissions regarding vanillin, PGPR, serving size, and alkalized cocoa powder, Plaintiff cannot establish reliance and summary judgment is granted in favor of Defendant.

Plaintiff did note that he viewed Defendant's antioxidant seal and that he would like to see certain disclosures on mint products. Plaintiff, in his testimony, first said that his only concern with the mint products' labels is that they should include a disclaimer that mints should not be substituted as an entree, lunch, or meal. Dkt. No. 69-1 at 94:2-96:24. Later in his testimony, Plaintiff also stated that the mint products should include a label indicating that they are not a low-calorie product. Id. at 111:3-114:13. However, Plaintiff never stated that he relied on the omission of either disclaimer when purchasing the mint products. As Plaintiff cannot establish reliance, which is required for a claim under the UCL, summary judgment is granted for the Defendant on claims based on disclaimers regarding the mint products.

As for the claims predicated on antioxidant labels, Plaintiff stated that the references to antioxidants on Defendant's products were a factor in his decision to purchase the products. Id. at 155:21-156:8, 190:11-13, 208:9-209:14. Plaintiff noted a few times that his concerns with the antioxidant labels are the level of fat and sodium found in the products, the use of flavanol, and that the product label makes it seem that the antioxidant level is similar to that found in tea and fruit. The AC alleges that Defendant's antioxidant claims violate 21 C.F.R. §§ 101.13 and 101.54, which have been adopted by California's Sherman Law, because the products do not meet the minimum nutritional requirements to make such claims (10% of the daily value of the nutrient at issue) since there are no recommended daily intake values for these antioxidants; the names of the antioxidants are not disclosed on the product labels; the antioxidant nutrients fail to meet the requirements for nutrient claims under § 101.54(b), (c), or (e) for "high", "good source", and "more" claims; Defendant lacks adequate scientific evidence about the antioxidant nutrients; certain products undergo a dutching/alkalization process that reduces or eliminates alleged antioxidants; and the products contain levels of fat, saturated fat, cholesterol, or sodium that are too high for such nutrient content claims to be made.

At this stage, it would be improper to grant summary judgment on Plaintiff's antioxidant claims, because Plaintiff testified that he read and relied on the antioxidant labels.

## IV. CONCLUSION

For the reasons discussed above, partial summary judgment is GRANTED in favor of Defendant as to Plaintiff's claims, except for UCL claims relating to antioxidant labels.

**IT IS SO ORDERED**

Dated: May 5, 2014



EDWARD J. DAVILA
United States District Judge