1  John W. Fowler (Bar No. 037463)
   jfowler@be-law.com
2  BERGESON LLP
   303 Almaden Boulevard, Suite 500
3  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
4  Facsimile: (408) 297-6000

5  Steven A. Zalesin (admitted *pro hac vice*)
   sazalesin@pbwt.com
6  Travis J. Tu (admitted *pro hac vice*)
   tjtu@pbwt.com
7  Michelle W. Cohen (admitted *pro hac vice*)
   mcohen@pbwt.com
8  PATTERSON BELKNAP WEBB & TYLER LLP
   1133 Avenue of the Americas
9  New York, New York 10036
   Telephone: (212) 336-2000
10 Facsimile: (212) 336-2222

11 Attorneys for Defendant
   THE HERSHEY COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON KHASIN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>Defendant. | CASE NO. 12-cv-01862 EJD<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT THE HERSHEY COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Honorable Edward J. Davila<br>Date: November 7, 2014<br>Time: 9:00 a.m.<br>Room: Courtroom 4, 5th Floor<br>Trial Date: No date set |

1   This matter has been brought before the Court on the motion of counsel for Defendant The
2   Hershey Company ("Hershey" or "Defendant") for summary judgment pursuant to Federal Rule
3   of Civil Procedure 56. Based upon the supporting and opposing papers, including the
4   declarations submitted in support of the motion, and the papers and records on file in this action,
5   Defendant's motion for summary judgment is GRANTED.

6   Summary judgment is appropriate unless the non-moving party can point to "specific
7   facts" in the record "showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477
8   U.S. 317, 324 (1986). To survive summary judgment, a plaintiff must "offer evidence from
9   which a reasonable jury could return a verdict in [its] favor." *Anderson v. Liberty Lobby, Inc.*,
10  477 U.S. 242, 253 (1986). Summary judgment is also appropriate when the moving party can
11  point to evidence that negates an essential element of the nonmoving party's case. *See Nissan*
12  *Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

13  The Court previously granted summary judgment in favor of Hershey on all-but-one of
14  Plaintiff Leon Khasin's original claims. *See Khasin v. Hershey Co.*, No. 5:12-CV-01862, 2014
15  U.S. Dist. LEXIS 62070, *8-9 (N.D. Cal. May 5, 2014). The only claim remaining is Khasin's
16  claim under California's Unfair Competition Law ("UCL") challenging statements on the labels
17  for Hershey's Special Dark chocolate and cocoa products identifying them as a "natural source of
18  flavanol antioxidants." Based upon the undisputed evidence of record, Hershey is entitled to
19  summary judgment on Khasin's one remaining claim for several reasons.

20  First, to prevail on his UCL claim, Khasin must prove that Hershey's flavanol antioxidant
21  statements are "false or misleading" to reasonable consumers. *See Stanley v. Bayer Healthcare*
22  *LLC*, No. 11cv862, 2012 U.S. Dist. LEXIS 47895, *8-9 (S.D. Cal. Apr. 3, 2012). Khasin has
23  adduced no evidence from which the Court or a jury could find in his favor on this element.
24  Khasin conceded at his deposition that he did not believe that Hershey's "natural source of
25  flavanol antioxidants" statements were false. Moreover, Hershey proffered the testimony of a
26  highly credentialed expert in health and nutrition, Dr. Frank Sacks, demonstrating that Hershey's
27  label statements are true and provide consumers with meaningful information. Khasin did not
28  rebut this evidence.

1      Under California's UCL, a true statement on a product label nevertheless may violate the statute if the plaintiff can show that the statement is likely to mislead a reasonable consumer. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Whether a statement is likely to be misleading is judged by the "reasonable consumer" standard. *See Ogden v. Bumble Bee Foods*, No. 12-CV-01828, 2014 U.S. Dist. LEXIS 565, *38-39 (N.D. Cal. Jan. 2, 2014). "Under the reasonable consumer standard, [a] plaintiff is required to show not simply that the defendants' [statements] could mislead the public, but that they were likely to mislead the public." *Haskell v. Time, Inc.*, 965 F. Supp. 1398, 1406-07 (E.D. Cal. 1997). Khasin submitted no consumer survey or other evidence that Hershey's "natural source of flavanol antioxidants" statements are likely to mislead reasonable consumers. Accordingly, Khasin has no evidence from which a trier of fact could rule in his favor. *See Ries v. Arizona Beverages*, No. 10-01139, 2013 U.S. Dist. LEXIS 46013, *20 (N.D. Cal. Mar. 28, 2013).

     Second, even if Khasin had proof that Hershey's statements were false or likely to mislead, Khasin also must prove that he suffered "economic injury" as a result of Hershey's label statements. *See Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323 (2011). However, to the extent that he relied on Hershey's "natural source of flavanol antioxidants" statements, Khasin was not "injured" by this information. As Khasin and one of his experts, Dr. Julie Caswell, acknowledged at their depositions, consumers are not harmed by truthful information on a product label. If anything, they benefit.

     Third, even assuming Khasin had sufficient evidence make out a prima facie claim under the UCL, Hershey is entitled to summary judgment on Khasin's claim for restitution. To succeed on a claim for restitution, plaintiff must prove by "substantial evidence" that the products he purchased were objectively worth less than what he paid. *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 700 (2006); *see also In re Facebook, Inc., PPC Adver. Litig.*, 282 F.R.D. 446, 461 (N.D. Cal. 2012) ("plaintiffs must be able to prove . . . the difference" between what was "paid and the value of what the plaintiffs received"). Khasin proffered no such evidence. Moreover, Hershey proffered the testimony of an expert economist, Dr. Gregory Bell, who demonstrated through historical pricing data that, in fact, consumers do not pay a price premium

1 as a result of the "natural source of flavanol antioxidants" statement on Hershey's labels.

2 Fourth, Khasin also has no viable claim for injunctive relief.  Since Khasin was not
3 injured by Hershey's flavanol antioxidant statements, he cannot demonstrate the kind of
4 "irreparable" injury necessary to justify injunctive relief.  *See Rivas v. Rail Delivery Serv.*, 423
5 F.3d 1079, 1082 (9th Cir. 2005) (plaintiffs not entitled to an injunction where "the regulatory
6 violations for which they sought injunctive relief caused them no injury").  Moreover, to obtain
7 injunctive relief, a plaintiff must prove a "real or immediate threat" that he "will again be
8 wronged in a similar way."  *L.A. v. Lyons*, 461 U.S. 95, 111 (1983).  Khasin cannot make this
9 showing.  Khasin did not testify at his deposition that he has concrete plans to purchase Hershey's
10 Special Dark chocolate and cocoa products in the future.  *See Werdebaugh v. Blue Diamond*
11 *Growers*, No. 12-CV-2724, 2014 U.S. Dist. LEXIS 71575, *30-33 (N.D. Cal. May 23, 2014).
12 And, even if he had such plans, Khasin cannot be injured by his future purchases in light of his
13 current knowledge and purported understanding of the products.  *Becker v. Skype Inc.*, No. 12-
14 CV-06477, 2014 U.S. Dist. LEXIS 17583, *10 (N.D. Cal. Feb. 10, 2014).

15 Fifth, Khasin's UCL claim is expressly preempted by the federal Food Drug and Cosmetic
16 Act.  *See Trazo v. Nestle USA, Inc*., No. 12-CV-2272, 2013 U.S. Dist. LEXIS 113534, at *9 (N.D.
17 Cal. Aug. 9, 2013).  Contrary to Khasin's contention, Hershey's "natural source of flavanol
18 antioxidants" statements do not characterize the level of a nutrient, and, therefore, the statements
19 do not violate FDA regulations specific to such "characterizing" claims.  Khasin is expressly
20 preempted from seeking to impose a requirement on Hershey's labeling that is "not identical to"
21 federal law.  *Id.*; *see also Carrea v. Dreyer's Grand Ice Cream, Inc*., 475 F. App'x 113, 115 (9th
22 Cir. 2012) (recognizing that the NLEA bars state-law claims that would impose requirements that
23 differ from federal law).

24 Finally, Hershey has a First Amendment right to convey truthful information about its
25 products to the public.  *See Edenfield v. Fane*, 507 U.S. 761, 767 (1993) ("even a communication
26 that does no more than propose a commercial transaction is entitled to the coverage of the First
27 Amendment.").  Having failed to show that Hershey's statements are false or misleading, Khasin
28 cannot seek to prohibit Hershey's truthful speech on grounds that the statements technically

1  violate FDA regulations.  *See Kasky v. Nike, Inc*., 27 Cal. 4th 939, 952 (Cal. 2002) ("the First

2  Amendment imposes restraints on lawsuits seeking damages" for protected speech).

3        For the forgoing reasons, summary judgment in favor of Hershey is GRANTED.

5  **IT IS SO ORDERED.**

6  DATED:

                                      _____
                                      EDWARD J. DAVILA
                                      United States District Court Judge